LiLaw Inc., a Law Corporation
J. James Li (SBN 202855)
5050 El Camino Real, Suite 200
Los Altos, CA 94022
Tel. 650.521.5956
Fax 650.521.5955
Email: lij@lilaw.us
Attorneys for Plaintiff Dynetix Design Solutions Inc.

CHRIS R. OTTENWELLER (CA BAR NO. 73649)
cottenweller@orrick.com
I. NEEL CHATTERJEE (CA BAR NO. 173985)
nchatterjee@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:   +1-650-614-7400
Facsimile:   +1-650-614-7401

BENJAMIN S. LIN (CA BAR NO. 232735)
blin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, California 92614-8255
Telephone:   +1-949-567-6700
Facsimile:   +1-949-567-6710

Attorneys for Defendant
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS, INC., a California corporation,<br><br>　　　　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>SYNOPSYS, INC., a Delaware corporation, and DOES 1-50,<br><br>　　　　　Defendant and Counterclaim Plaintiff. | Case No. 5:11-CV-05973-PSG<br><br>**STIPULATED ORDER REGARDING E-DISCOVERY** |

Plaintiff Dynetix Design Solutions, Inc. ("Dynetix") and Defendant Synopsys, Inc. ("Synopsys") stipulate to the following Order Regarding E-discovery (the "Order"), based on the Model Order Regarding E-Discovery in Patent Cases promulgated by the United States Court of Appeals for the Federal Circuit.

1. This Order supplements all other discovery rules and orders. It streamlines electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused

instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues.  Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Dated: February ___, 2012              Orrick, Herrington & Sutcliffe LLP


                                       By:   /s/ Chris R. Ottenweller
                                              Chris R. Ottenweller
                                              I. Neel Chatterjee
                                              Benjamin S. Lin

                                       Attorneys for Defendant
                                       **SYNOPSYS, INC.**


Dated: February ___, 2012              LiLaw, Inc.


                                       By:   /s/ J. James Li
                                              J. James Li

                                       Counsel for Plaintiff
                                       **DYNETIX DESIGN SOLUTIONS, INC.**


**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Chris R. Ottenweller.

1 | Dated: February 28, 2012                                      LiLaw, Inc.

By:   /s/ J. James Li
                 J. James Li

Attorneys for Plaintiff
**DYNETIX DESIGN SOLUTIONS, INC.**

    Pursuant to the stipulation, the Order Regarding E-Discovery is hereby adopted by the Court as part of the Case Management Order for this case.

    IT IS SO ORDERED

    Dated: Octej "34, 2012""""""""""""""""""""""""""""""""""  _____
                                                             The Honorable Paul S. Grewal
                                                             United States Magistrate Judge