UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>SYNOPSYS, INC., a Delaware Corporation, and DOES 1-50,<br><br>                    Defendants. | Case No.: C-11-05973 PSG<br><br>**ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>**(Re: Docket Nos. 29, 30)** |

**I. INTRODUCTION**

In this patent infringement suit, Defendant Synopsys, Inc. ("Synopsys") moves for entry of this district's model protective order pursuant to Patent Local Rule 2-2 ("Model Protective Order").[1] Plaintiff Dynetix Design Solutions, Inc. ("Dynetix") opposes the motion and cross-moves for entry of its own protective order. The present dispute centers on the manner in which source code should be produced. On April 10, 2012 the parties appeared for hearing. After reviewing the papers and hearing arguments of counsel, the court GRANTS Synopsys' motion for entry of a protective order, and DENIES Dynetix's cross-motion for entry of a protective order.

---
[1] *See* http://www.cand.uscourts.gov/stipprotectorder.

1
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE
ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR
ENTRY OF A PROTECTIVE ORDER

## II. BACKGROUND

Dynetix alleges that Synopsys infringes U.S. Patent No. 6,466,898 ("the '898 Patent"). This patent concerns a design simulation tool, Verilog Compiler Simulation ("VCS"), which is a set of verification tools used by designers to test and debug complex integrated circuits. The accused instrumentalities include Synopsys' VCS multicore technology and Synopsys' VCS Cloud service. Because Synopsys considers the algorithms used in VCS and its source code for this technology as among its most closely guarded trade secrets, Synopsys maintains the source code on highly secured severs and severely restricts access to the code.[2]

On February 27, 2012, Dynetix requested production of documents from Synopsys, including Synopsys' VCS source code.[3] Synopsys responded that it would produce the source code but insisted that the parties stipulate to the Model Protective Order. Under the Model Protective Order, any source code produced in discovery would be made available for inspection at an office of the producing party's counsel or another agreed upon location.[4] Dynetix rejected the source code provision of the Model Protective Order as too burdensome and instead proposed that source code production be made either (1) in paper if the source code is not voluminous or (2) on a flash memory drive or external hard drive hand delivered in a sealed envelope to the office of the receiving party's counsel of record.[5] Dynetix further proposed the following restrictions to prevent inadvertent disclosure of the source code:

---

[2] *See* Arturo Salz Decl. (Docket No. 32) at ¶ 5.

[3] *See* J. James Li Decl. (Docket No. 30-1) at ¶ 2.

[4] *See* Benjamin S. Lin Decl. (Docket No. 31) Ex. A.

[5] *See id.* Ex. B.

2
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

- If the source code is produced in paper, it may not be converted to electronic form and may not be copied unless for filing with the court or for other necessary procedures.[6]

- If the source code is produced in electronic form, the receiving party may make only one copy of the code by uploading it to one stand-alone computer without network connection, and must keep the original copy in a safe until the end of the case.[7]

- The receiving party may print limited portions of the code only if it is necessary for court filings and other proceedings in the case, and must keep track of the printed pages by marking each page with the HIGHLY CONFIDENTIAL – SOURCE CODE SIGN and a serial number tracking the number of pages printed. The receiving party may not make copies of the printed portion of the code unless it is necessary for court filings or other proceedings in the case.[8]

- At the end of the case, counsel for the receiving party must return the produced code and delete the copy, and must file a declaration confirming under oath compliance with the protective order.[9]

### III. LEGAL STANDARDS

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[10] The court may, for good cause, issue an order to protect a party or person from undue burden or expense by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[11] A party can establish good cause where it specifically demonstrates "that disclosure will cause a specific prejudice or harm."[12] In patent cases in this district, "[t]he

---

[6] *See* Li Decl. Ex. A, §§ 7.4.1 & 7.4.2.

[7] *See id.* §§ 7.4.1 & 7.4.3.

[8] *See id.* §§ 7.4.4.

[9] *See id.* §§ 7.4.5 & 7.4.6.

[10] Fed. R. Civ. P. 26(c)(1).

[11] Fed. R. Civ. P. 26(c)(1)(G).

[12] *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004).

3
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order."[13] The court therefore "treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information."[14]

## IV. DISCUSSION

As an initial matter, Dynetix argues that the Synopsys bears the burden of showing specific harm and prejudice from its less restrictive proposed protective order. As authority for this proposition, Dynetix relies on the provision of Fed. R. Civ. P. 26(c)(1) that puts the onus of seeking any protective order on the party from whom discovery is sought, and the Ninth Circuit's pronouncement that "a party . . . from whom discovery is sought . . . bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."[15] Pat. L.R. 2-2, however, is unequivocal that the Model Protective Order governs discovery unless the court enters a different protective order. Fed. R. Civ. P. 83 specifically authorized district courts to promulgate local rules that are consistent with the federal rules, and the court sees no inconsistency in this district's presumptive determination that the burden is met when it comes to the specific issue of source code. Put another way, Dynetix's argument might be right if Synopsys sought protections beyond those deemed presumptively reasonable by this district. But Synopsys has done no such thing. It is therefore appropriate to place

---

[13] Pat. L.R. 2-2.

[14] *Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 U.S. Dist. LEXIS 96724, at *7 (N.D. Cal. Aug. 29, 2011).

[15] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

4
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

the burden of showing the specific harm and prejudice necessary to deviate from the Model Protective Order on Dynetix.[16]

Turning to the merits of this dispute, Dynetix argues that the Model Protective Order unduly impairs its abilities to effectively prosecute its case. According to Dynetix, reviewing source code at the offices of Synopsys' counsel will be unduly burdensome and will force Dynetix to reveal its work product. Dynetix notes that Dynetix's expert and counsel will have to spend many hours combing through the code, often in non-business hours. Dynetix further notes that to prepare for depositions or trial, the source code has to be available "24/7," and often must be searched during deposition or trial to confront witnesses. If all this must be done at opposing counsel's offices, Dynetix argues that it would essentially cripple its ability to conduct proper discovery.

At this point, the court finds that Dynetix's concerns are merely speculative. If Dynetix determines that normal business hours are not sufficient to review the source code, and the parties cannot work out a schedule, Dynetix can seek relief from the court.[17] Furthermore, "[t]he protective order must actually prejudice presentation of the moving party's case, not merely increase the difficulty of managing the litigation."[18] Dynetix may have shown that it will be more difficult to manage the case if it must review source code at opposing counsel's offices or another agreed upon location, however, the court is not convinced that this would significantly prejudice

---

[16] *See Kelora Sys., LLC*, 2011 U.S. Dist. LEXIS 96724 at *7-8.

[17] *See id.* at *11.

[18] *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000).

5
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

Dynetix's presentation. The court cannot help but observe that in many other patent cases in this district the parties have stipulated to the Model Protective Order without suffering prejudice.[19]

Additionally, the court does not find that the Model Protective Order implicates any of Dynetix's work-product privileges. Dynetix is concerned that because review of source code will occur on Synopsys or its counsel's computers, all searches and functional compilations by Dynetix's counsel or experts will be accessible to opposing counsel. The Model Protective Order, however, specifically states that "[t]he Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code."[20] Thus, if opposing counsel did monitor searches, it would be a violation of the protective order, and subject to sanctions. The court therefore finds that Dynetix's work-product concerns are unfounded.

### V. CONCLUSION

For the foregoing reasons, the court GRANTS Synopsys' motion for entry of a protective order, and DENIES Dynetix's cross-motion for entry of a protective order.

**IT IS SO ORDERED.**

Dated: 4/12/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See, e.g.*, *In re Google Litig.*, Case No. 5:08-cv-03172, Docket No. 582 (N.D. Cal. Nov. 23, 2011); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-01846, Docket No. 687 (N.D. Cal. Jan. 30, 2012).

[20] *See* Docket No. 30-1 at 14.

6
Case No.: C 11-5973 PSG
ORDER GRANTING SYNOPSYS, INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER; ORDER DENYING DYNETIX DESIGN SOLUTIONS, INC.'S CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER