UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS, INC.,<br><br>                Plaintiff,<br>    v.<br><br>SYNOPSYS, INC.,<br><br>                Defendant. | Case No.: 11-CV-05973 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS; ORDER DENYING DEFENDANT'S MOTION TO STAY CLAIMS AND DISCOVERY AGAINST CUSTOMERS**<br><br>**(Re: Docket Nos. 40, 43)** |

In this patent infringement suit, Defendant Synopsys, Inc. ("Synopsys") moves to stay the pending Doe claims against its customers, and all customer-related discovery, until a claim construction order is issued or the court has ruled on its anticipated motion for summary judgment of non-infringement. Synopsys also moves for leave to amend its answer and counterclaims to add counterclaims for infringement of U.S. Patent Nos. 5,784,593 ("'593 Patent") and 5,706,473 ("'473 Patent"). Plaintiff Dynetix Design Solutions, Inc. ("Dynetix") opposes the first motion, but not the second.[1] In light of Dynetix's non-opposition, and this Circuit's liberal standards for granting leave to amend pleadings,[2] the court GRANTS Synopsys's motion for leave to amend (including its

---

[1] At the hearing today on the two motions, counsel for Dynetix represented that his client no longer opposed allowing Synopsys to add its proposed additional counterclaims.

[2] *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

1
Case No.: C 11-5973 PSG
ORDER

proposed separate schedule for claim construction of the Synopsys patents-in-suit), and will focus its attention on the motion for stay that remains in dispute.

Beginning with Synopsys' request to stay the customer claims, the court ordinarily would agree with Synopsys that it makes little sense to allow the claims to move forward when a summary judgment order mooting the claims looms on the horizon.[3] But here, the court is in no position to assess whether summary judgment is imminent, probable, possible, or just a mere glimmer in Synopsys' eye. A motion has yet to be filed, and Synopsys did not present the substance of what it might file until the hearing and even then only at a very high level of generality. In addition, while in its papers Synopsys suggested that a resolution of its motion could turn on a claim limitation ("automatically detecting" CPUs/"based on the number of available CPUs") that would not require any construction, at the hearing it addressed exclusively a limitation ("linear-to-super-linear/"super-linear") whose construction was acknowledged to be disputed. Under these circumstances, a stay of customer claims is not warranted.[4]

Turning to Synopsys's request to stay all customer-related discovery, the dispute focuses on the identity of the customers of the accused "VCS multicore" product. Synopsys premises its entire request on the proprietary nature of this information.[5] According to Synopsys, not even the strictest protections of the model protective order that it successfully urged the court to adopt[6] can adequately protect its competitive interests. The court is sympathetic to Synopsys' conceptual

---

[3] *Cf. Katz v. Lear Sigler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (explaining in the related context of the customer suit exception to the first-filed doctrine that "litigation against the manufacturer takes precedence over a suit by the patent owner against customers of the manufacturer"); *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("The customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against the possibility of that abuse.").

[4] *Cf. Manning v. Masters*, Case No. 2:11-cv-00896 KJD (CWH), 2012 U.S. Dist. LEXIS 57657, at *8-9 (D. Nev. Apr. 25, 2012) ("Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion."); *GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) ("[T]he Court should ... take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.").

[5] See Docket No. 40 at 9 ("the disclosure of customer identities . . . raises significant confidentiality issues for Synopsys management").

[6] *See* Docket Nos. 38, 39.

concerns, but must take note of the fact that Synopsys does not present any declaration or other evidence in support of those concerns. The court must further note that at the same time Synopsys asks the court to deny Dynetix customer identity information plainly relevant to its indirect infringement and damages claims and therefore discoverable under Fed. R. Civ. P. 26, its own website broadcasts to the world this very same information: "We continue to benefit from the innovative optimizations delivered by VCS," said Paul Tobin, director of Verification Center Enterprise at AMD... "*[O]ur verification teams rely on the speed-up delivered by VCS multicore* to quickly verify these complex designs on Quad-Core AMD Opteron processors in our server farm."[7] This does not exactly suggest that allowing discovery of customer information will place Synopsys at an unfair disadvantage.

Synopsys' motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated:   6/12/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[7] http: //synopsys.mediaroom.com/index.php?s=43&item=664 (emphasis added).

Case No.: C 11-5973 PSG
ORDER
3