UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS INC., a California corporation,<br>          Plaintiff,<br>   v.<br>SYNOPSYS INC., a Delaware corporation, and DOES 1-50,<br>          Defendants. | Case No.: CV 11-05973 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITION OF 30(b)(6) WITNESS**<br><br>**(Re: Docket No. 154)** |

In this patent infringement suit, on October 2, 2012, Defendant and Counterclaim Plaintiff Synopsys Inc. ("Synopsys") noticed the 30(b)(6) corporate deposition of Plaintiff and Counterclaim Defendant Dynetix Design Solutions Inc. ("Dynetix"). The parties could not reach an agreement as to whether Dynetix founder Terrence Chan's ("Chan") deposition would serve only as the 30(b)(6) deposition of Dynetix, or if Synopsys would be entitled to take another individual deposition of the witness. On November 20, 2012, Synopsys moved to compel the 30(b)(6) deposition with no limitations on later depositions. Dynetix opposed the motion. On November 27, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Synopsys' motion.

1

# I. BACKGROUND

On December 5, 2011, Dynetix filed suit against Synopsys, alleging Synopsys' products infringe U.S. Patent No. 6,466,898 ("the '898 Patent").[1] Synopsys filed a counterclaim for patent infringement against Dynetix, alleging two Dynetix products, V2Sim and RaceCheck, infringe U.S. Patent No. 5,784,593 ("the '593 Patent") and U.S. Patent No. 5,706,473 ("the '473 Patent").[2]

Dynetix answered the counterclaim on July 5, 2012.[3] On September 21, 2012, just over two months later, Dynetix filed a "Motion to Dismiss or, Alternatively, for Summary Judgment of Non-infringement" regarding Synopsys' counterclaims ("motion for summary judgment").[4] The summary judgment motion hearing is set for January 9, 2013.[5]

To address Dynetix's motion for summary judgment, Synopsys requested a 30(b)(6) deposition of Dynetix on topics related to the functions of Dynetix's accused products. The deposition was noticed for October 24, 2012.[6] Synopsys' notice of the deposition described the scope of the deposition topics, including: (1) "[t]he detailed design, structure, and operation of the Accused Products;" (2) "[t]he detailed design, development, structure, and operation of any feature of the Accused Products that simulates circuits containing finite state machines;" (3) "[t]he detailed design, development, structure, and operation of any feature of the Accused Products that detects or evaluates combinational feedback loops;" and (4) "[t]he factual bases for any contention that Dynetix's V2Sim or RaceCheck Products do not meet the limitations of the asserted claims of the '473 Patent and the '593 Patent."[7]

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 58.

[3] *See* Docket No. 60.

[4] *See* Docket No. 87.

[5] *See* Docket No. 161.

[6] *See* Docket No. 155, Ex. A.

[7] *Id.*

Dynetix eventually agreed that Synopsys was entitled to discovery for the counterclaims and the motion to dismiss.[8] In subsequent meet-and-confer discussions, the parties agreed the deposition would occur on November 21, 2012.[9] Dynetix designated Chan as the 30(b)(6) witness.[10] Chan is the founder, chief executive officer, and sole employee of Dynetix.[11] He also authored the '898 Patent and assigned the patent to Dynetix.

The parties disputed whether Synopsys would be entitled to both a 30(b)(6) deposition of Chan as well as an individual deposition of him. Dynetix refused to allow the 30(b)(6) deposition unless Synopsys agreed to waive its right to depose Chan in his individual capacity in the future.[12] Synopsys did not agree. As the parties reached an "impasse," Synopsys filed this motion to compel the 30(b)(6) deposition.[13]

## II.   LEGAL STANDARDS

"In its notice or subpoena, a party may name as the deponent a public or private corporation."[14] "The named organization must then designate one or more officers… or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."[15]

Rule 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Even relevant discovery may be limited, however, if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

---

[8] *See* Docket No. 155, Ex. C.

[9] *See* Docket No. 155, Ex. D.

[10] *See* Docket No. 155, Ex. E.

[11] *See* Docket No. 1 ¶ 9-10; Docket No. 155 Ex. F.

[12] *See* Docket No. 155, Ex. E, F, G.

[13] Docket No. 154 at 5.

[14] Fed. R. Civ. P. 30(b)(6).

[15] *Id.*

seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[16]

### III. DISCUSSION

Synopsys clearly is entitled to depose Chan as the 30(b)(6) witness designated by Dynetix. The matters noticed to Dynetix are discoverable because they may lead to relevant information on Synopsys' defenses against Dynetix's pending motion for summary judgment. Synopsys itself concedes that the topics of the deposition are relevant and discoverable.

Synopsys also is entitled to depose Chan in his individual capacity regarding the principle action. The original action alleged Synopsys products infringed the '898 Patent. Chan is the founder of Dynetix and the named inventor of the '898 Patent. As the named inventor, Chan's personal deposition is relevant to at least the issues of "the written description, enablement, inequitable conduct, novelty, obviousness, and damages."[17]

The designation of Chan as Dynetix's 30(b)(6) witness does not somehow divest Synopsys' right to take the individual deposition of Mr. Chan. Ninth Circuit courts have held that individuals noticed as an individual witness under Rule 30(b)(1) and also as the corporate representative under 30(b)(6) are "presumptively subject to independent seven-hour time limits."[18]

Dynetix argues Synopsys should be required to simultaneously depose Chan in both his representative and individual capacity. But nothing requires Synopsys to take the individual deposition of Chan at this same time,[19] especially when Synopsys must focus on deposing Chan as

---

[16] Fed. R. Civ. P. 26(b)(2)(C).

[17] *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, Case No. 10-2037 PSG, 2011 WL 7074212, at *1 (N.D. Cal. Oct. 18, 2011)

[18] *Wesley v. Gates*, Case No. C08-CV-2719 SI, 2009 WL 1955997, at *1 (N.D.Cal. July 2, 2009).

[19] *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, Case No. 09-03529 JSW LB, 2012 WL 3939337, at *6 (N.D. Cal. Sept. 10, 2012) (holding that "testimony of an individual… is distinct from the testimony of an entity").

the corporate representative to prepare to oppose Dynetix's pending motion for summary judgment. This Synopsys is entitled to do.

### IV.     CONCLUSION

Synopsys' motion to compel the 30(b)(6) deposition of Dynetix is GRANTED. No later than two days before Synopsys' opposition to Dynetix's summary judgment is due, Dynetix shall produce one or more corporate witnesses to be deposed on the topics noticed in Synopsys' 30(b)(6) notice. Synopsys will not be precluded from noticing the individual deposition of the designated witness at a later date.

**IT IS SO ORDERED.**

Dated: November 27, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

5

Case No.: C 11-05973 PSG
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITION OF 30(b)(6) WITNESS