UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS INC., a California corporation,<br>               Plaintiff,<br>   v.<br>SYNOPSYS INC., a Delaware corporation, and DOES 1-50,<br>               Defendants. | Case No.: CV 11-05973 PSG<br><br>**ORDER GRANTING-IN-PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**(Re: Docket No. 115)** |

In response to the court's order denying Defendant Synopsys Inc.'s ("Synopsys") administrative motion to seal information designated confidential by Plaintiff Dynetix Design Solutions Inc.'s ("Dynetix")[1] based on Dynetix's apparent failure to file a timely supporting declaration, Dynetix has brought to the court's attention that it did file a supporting declaration under Local Rule 79-5.[2] However, Dynetix fails to acknowledge that it filed its supporting declaration seven days past the cutoff set by the rule. On those grounds alone, the court could and perhaps should still deny Synopsys' motion.

---

[1] *See* Docket No. 167.

[2] The court did not notice Dynetix's supporting documentation in part because Dynetix did not link its declaration to the earlier motion. In cases such as this with numerous administrative motions to seal, the court relies on the parties to comply with such electronic filing obligations.

1

Case No.: C 11-05973 PSG
ORDER GRANTING-IN-PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1   But in light of the potential harm of exposing proprietary information, the court nevertheless proceeds to consider the substance of the supporting documents.[3]  Under Local Rule 79-5, a sealing order is appropriate only upon request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."[4]  When the submitting party has filed an administrative motion to comply with a stipulated protective order, the designating party must within 7 days file a supporting declaration establishing the document is "sealable" and a narrowly-tailored proposed order.[5]  Additionally, the party must meet the "good cause" standard of Rule 26(c).[6]  To show good cause, the party must make a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[9]

Synopsys filed a motion to seal Exhibits I and J of the Yu Declaration.  Exhibit I is a copy of Dynetix's brochure for their RaceCheck product.  Exhibit J is a copy of the V2Sim and RaceCheck Release Notes and User's Guide.  Dynetix's declaration asserts in a conclusory fashion that the brochures and manuals were trade secrets marked "Highly Confidential," and on that basis alone, should remain under seal.  However, brochures and user manuals are by definition distributed to potential and actual users, which without more suggests they are not trade secrets.  Dynetix makes no additional showing that the brochures and user manuals are trade secrets, nor does it show any particularized harm that would result if the documents were unsealed.  This is insufficient to meet the "good cause" standard.

---

[3] *See* Docket No. 122, 123.

[4] Civ. L.R. 79-5(a).

[5] *Id.* 79-5(d).

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

[7] *Id.*

[8] Fed. R. Civ. Proc. 26(c).

[9] *Id.*

2
Case No.: C 11-05973 PSG
ORDER GRANTING-IN-PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Synopsys also filed a motion to seal portions of the Walker declaration referring to the function of Dynetix's source code. Dynetix's declaration describes the information in the Walker declaration as proprietary and secret. Confidential source code is generally accepted to be proprietary and sealable.[10] The redactions are narrowly-tailored to protect only sealable information. This does satisfy the "good cause" standard under Rule 26(c).

The motion to seal the Walker declaration is hereby GRANTED. Regarding Exhibits I and J of the Yu Declaration, the motion to seal remains DENIED. Synopsys shall file unsealed copies of Exhibits I and J within 7 days.

**IT IS SO ORDERED.**

Dated: December 17, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* 11-CV-01846-LHK, 2012 WL 5988570 (N.D. Cal. Nov. 29, 2012).