1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS INC., a California corporation,<br><br>                              Plaintiff,<br><br>          v.<br><br>SYNOPSYS INC., a Delaware corporation, and DOES 1-50,<br><br>                              Defendants. | Case No.: C 11-CV-05973 PSG<br><br>**ORDER GRANTING-IN-PART SYNOPSYS'S AND DYNETIX'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>**(Re: Docket No. 216, 229, 236, 244, and 251)** |

Before the court are five administrative motions to seal. Two are filed by Defendant Synopsys Inc. ("Synopsys"), and three are filed by Plaintiff, Dynetix Design Solutions Inc. ("Dynetix"). The parties move to seal information that was produced during discovery with the designation "Highly Confidential – Attorney's Eyes Only" and "Highly Confidential Source Code" pursuant to the parties' stipulated protective order.[1]

## I.      LEGAL STANDARD

The court takes this opportunity to review the procedure for filing documents under seal, set forth under Civil Local Rule 79-5, which does not appear to have been scrupulously followed in

---

[1] *See* Docket No. 39.

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

**United States District Court**
For the Northern District of California

this case.  When a party wishes to file under seal based on the confidential nature of only a portion of a document, the submitting party must file on ECF a redacted version of the document, striking only the portions designated confidential.[2]  Then, the designating party must submit a supporting declaration within seven days establishing the redacted portion is sealable, or else withdrawing the confidential designation.[3]

The rule permits sealing of documents only where the party has "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[4]  The party must "narrowly tailor" their requests only to sealable material.[5]  The party designating the information as "confidential" bears the burden of establishing that the information is sealable.  To seal documents attached to nondispositive motions, as is the case here, the designating party must meet the lower "good cause" standard of Rule 26(c).[6]  The party must make a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  These requirements exist because a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[9]

---

[2] *See* Civil L.R. 79-5(c)-(d).

[3] *See id.* subsection (d).

[4] *See id.* subsection (a).

[5] *See id.*

[6] *Kamakana v. City and City. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations and citations omitted).

[7] *Id.*

[8] Fed. R. Civ. Proc. 26(c).

[9] *See* Civil L.R. 79-5(a).

2

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

## II.    DISCUSSION

The documents at issue were attached to the briefs filed regarding Dynetix's First and Second Motions to Compel.  The court has considered each of the documents the parties have designated for sealing and, as articulated in the table below, determined which documents may remain under seal or redacted and which documents must be unsealed.

| DN | REQUEST | RESULT |
|---|---|---|
| 216 | Exhibits A-E & Q to Declaration of Jason K. Yu in Support of Synopsys's Opposition to Dynetix's First Motion to Compel | Synopsys's request to seal Exhibits A-E is GRANTED.  Exhibits A-E are results of performance tests that were run using DLP and ALP.  As these documents contain customer information and are kept highly confidential, the court finds Synopsys has sufficiently shown good cause.<br><br>Synopsys's request to seal Exhibit Q is DENIED.  Exhibit Q is a non-disclosure agreement Synopsys uses with its customers, with any identifying information or confidential subject matter redacted.  Synopsys has not demonstrated how disclosure of the remaining boilerplate language typically found in non-disclosure agreements would result in harm. |
| 229 | Exhibits A & B to Declaration of J. James Li in Support of Dynetix's First Motion to Compel | Dynetix's request to seal Exhibits A and B is DENIED.  The exhibits contain excerpts of deposition transcripts of Synopsys's witnesses Pallab Dasgupta and Usha Gaira.  The excerpts focus on the number of tests Synopsys runs, as well as these employees' duties regarding the tests.  Synopsys fails to even broadly state what type of harm would result from public disclosure of these excerpts.  It also failed to narrowly tailor its request. |
| | Portions of Dynetix's Reply in Support of its First Motion to Compel | Dynetix's request to seal the redacted portions is DENIED.  These portions of the reply only reference information revealed in the deposition excerpts, which have been determined not to be sealable. |
| 236 | Exhibits A-E & G to Declaration of J. James Li in Support of Plaintiff's Second Motion to Compel | Dynetix's request on Synopsys's behalf to seal Exhibits A and B are DENIED.  The exhibits consist of excerpts from depositions of Synopsys employees.  The excerpts primarily focus on the existence of the Wiki page and specifications used by Synopsys employees.  Synopsys fails to show how disclosure of the mere existence of these documents would result in harm.<br><br>Dynetix's request on Synopsys's behalf to seal Exhibits C and D are DENIED WITHOUT PREJUDICE.  While the exhibits appear to be related to development and design, as Synopsys asserts, Synopsys has failed to show why disclosure of design and testing schedules would be harmful.<br><br>Dynetix's request on Synopsys's behalf to seal Exhibits E and G are GRANTED.  Both exhibits are Synopsys's confidential design specifications for the Parallel VCS project. |
| | Portions of Dynetix's Second Motion to Compel | Dynetix's request on Synopsys's behalf to seal portions of its Second Motion to Compel is DENIED WITHOUT PREJUDICE.  Although Synopsys correctly identifies design features and |

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | | | source code as proprietary information that may properly be sealed, the motion also includes discussions of project leaders and the mere existence of specifications and the Wiki page. Because of this, the court finds the motion is not narrowly tailored. |
| 244 | | Exhibits D-O, V, and W to Declaration of Jason K. Yu in Support of Synopsys's Opposition to Dynetix's Second Motion to Compel | Synopsys's request to seal Exhibits D-O is GRANTED. Exhibits D, G, H, and O include source code and Exhibits E, F, and J-N are detailed design specifications. Source code is generally accepted to be highly confidential and sealable and Synopsys has asserted that disclosure of the designs would be harmful because competitors could use them to gain a competitive advantage. The court finds Synopsys has shown good cause.

Synopsys's request to seal Exhibit V is GRANTED. Exhibit V is a description of the software for the VCS Cloud Project, which has never been officially released. The court finds good cause to seal Exhibit V.

Synopsys's request to seal Exhibit W is DENIED WITHOUT PREJUDICE. Exhibit W is a user manual provided to customers which provides detailed instructions, including command lines, for running and using the features of VCS MX. Synopsys makes a vague statement that this information is confidential, but fails to make a particularized showing why disclosure of this information would result in harm. |
| | | Exhibit A to Declaration of Ushir Shah in Support of Synopsys's Opposition to Dynetix's Second Motion to Compel | Synopsys's request to seal Exhibit A is GRANTED. Exhibit A consists of source code from the multicore features of Synopsys's VCS product, which has been shown to meet the good cause standard. |
| 251 | | Exhibits B and C to Reply Declaration of J. James Li in Support of Plaintiff's Second Motion to Compel | Dynetix's request on behalf of Synopsys to seal Exhibit B is GRANTED. Exhibit B appears to be a tracking sheet for the development of the VCS Cloud product in conjunction with particular customers. VCS Cloud has not yet been released and Synopsys does not make this information available, even to the customers referenced in the document. Therefore, the court finds good cause to seal Exhibit B.

Dynetix's request on behalf of Synopsys to seal Exhibit C is DENIED WITHOUT PREJUDICE. Exhibit C is the table of contents and first two chapter headings of the User Manual distributed to customers for VCS MX. While the manual is only distributed under license agreements with confidentiality provisions, Synopsys fails to show why disclosure of the table of contents and two chapter headings would result in harm. |
| | | Portions of Dynetix's Reply in Support of its Second Motion to Compel | Dynetix's request on behalf of Synopsys to seal the redacted portions of Dynetix's Reply in Support of its Second Motion to Compel is DENIED WITHOUT PREJUDICE. The redacted portions include exhibit-by-exhibit analysis of Exhibits B and C, also addressed in this motion, and Exhibits D-G, H-O, and V-W of the Yu Declaration in Support of Synopsys's Opposition to Dynetix's Second Motion to Compel. These portions do occasionally touch on details of Synopsys's confidential design specifications, which are sealable; however, large portions of the |

4

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

| | | redactions are merely describing what is included in those exhibits.  There is a difference between describing what an exhibit includes generally and describing the specific details of what is included in the exhibit.  Synopsys makes no showing why the former would result in harm and these redacted portions are not narrowly tailored to the sealable information. |

The parties shall file documents that comply with the court's determinations above within seven days.

**IT IS SO ORDERED.**

Dated: April 1, 2013

_Paul S. Grewal_
_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California