UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS INC., a California corporation,<br><br>                Plaintiff,<br>    v.<br><br>SYNOPSYS INC., a Delaware corporation, and DOES 1-50,<br><br>                Defendants. | Case No.: C 11-CV-05973 PSG<br><br>**ORDER GRANTING-IN-PART SYNOPSYS'S AND DYNETIX'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>**(Re: Docket Nos. 190, 197, 225, 258, 263, 267, 272, 276, 280, 291, 295, 307, 309, 313, 321)** |

    Before the court are numerous administrative motions to seal, filed by both Plaintiff, Dynetix Design Solutions Inc. ("Dynetix") and Defendant Synopsys Inc. ("Synopsys"). The parties move to seal both their own confidential information as well as information that was produced by other parties under the designations "Highly Confidential – Attorney's Eyes Only" and "Highly Confidential Source Code" pursuant to the parties' stipulated protective order.[1]

---

[1] *See* Docket No. 39.

1

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[9]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is

---

[2] *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.*

[4] *Id.* at 1178-79.

[5] *Id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] Fed. R. Civ. P. 26(c).

[9] *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003).

privileged or protectable as a trade secret or otherwise entitled to protection under the law."[10] The parties must "narrowly tailor" their requests only to sealable material.[11]

## II.   DISCUSSION

The court has considered each of the documents the parties have designated for sealing and, as articulated in the table below, determined which documents may remain under seal or redacted and which documents must be unsealed.

| DN | REQUEST | RESULT |
|---|---|---|
| 190 | Dynetix's Response to Evidentiary Objections | Dynetix's request on behalf of Synopsys to seal portions of this document referencing Synopsys' source code is GRANTED. Proprietary source code is presumed to be sealable. |
| 197 | Exhibits to Administrative Motion to Seal Synopsys' Supplemental Opposition to Dynetix's Motion for Summary Judgment and Attached Exhibits | Synopsys' request on behalf of Dynetix to seal Exhibit A is DENIED. It is not narrowly tailored to protect only proprietary source code and other proprietary information.<br><br>Synopsys' request on behalf of Dynetix to seal Exhibit B is GRANTED because it comprises Dynetix's proprietary source code alone.<br><br>Synopsys' request to seal Exhibit C is DENIED WITHOUT PREJUDICE to refiling a narrowly-tailored request. The majority of the deposition transcript is not sealable. |
| 225 | Synopsys' Supplemental Opposition to Dynetix's Motion to Dismiss or, Alternatively, for Summary Judgment of Non-infringement, Supplemental Walker Declaration, Supplemental Yu Declaration | This request mirrors the previous request to seal the exhibits associated with this motion, and so it is GRANTED-IN-PART under the same reasoning. |
| 258 | Dynetix's Motion for Leave to Supplement its Infringement Contentions, For Reconsideration of a Prior Ruling, and for Modification of the Protective Order | Dynetix's request on behalf of Synopsys is DENIED WITHOUT PREJUDICE to refiling a narrowly-tailored request. Portions referencing the mere existence of a licensing agreement, file, or feature are not sealable. |
|  | Li Declaration in Support of Dynetix's Motion for Leave to | Synopsys' request to file under seal portions referencing the existence of a licensing agreement is DENIED. The mere existence of a licensing agreement, and the identity of the parties |

---

[10] Civ. L.R. 79-5.

[11] *Id.*

3

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

| | | Supplement its Infringement Contentions, For Reconsideration of a Prior Ruling, and for Modification of the Protective Order | involved, is not protectable. The request to seal portions referencing Partition Compile also is DENIED. As these portions only reference Partition Compile and its function generally, without revealing the actual source code, they may not be redacted. Synopsys offers no reason to seal these documents and in fact references Partition Compile in its papers. |
|---|---|---|---|
| | | Exhibit E of Li Declaration in Support of Dynetix's Motion for Leave to Supplement its Infringement Contentions, For Reconsideration of a Prior Ruling, and for Modification of the Protective Order | The request to seal Dynetix's proposed amended infringement contentions is DENIED. Neither party offers any justification as to why this should be sealed. The redactions merely reference Partition Compile and Remote VCS and do not appear to contain confidential information. |
| | 263 | Exhibits 22-29 and 31-33 in Support of Declaration of J. James Li in Support of Dynetix's Third Motion to Compel | The request to seal Ex. 22 and 23 is DENIED. The redactions discuss certain employees' management roles regarding VCS, information that is not sealable.<br><br>The request to seal Ex. 24 is DENIED WITHOUT PREJUDICE. These redactions mostly discuss Synopsys' employee duties. To the extent that Synopsys' collaboration with Nvidia is protectable, Synopsys may refile a narrowly-tailored request.<br><br>The request to seal Ex. 25 and 26 is GRANTED. Ex. 25 concerns a confidential agreement between Synopsys and Intel for the development of highly secret features.<br><br>The request to seal Ex. 27 is DENIED. Synopsys provides no valid justification for sealing the purchase agreement, beyond what has already been blacked out.<br><br>The request to seal Ex. 28, 31, 32, and 33 is GRANTED. They contain private data about employees, which is protectable.<br><br>The request to seal Ex. 29 is GRANTED. This information may be used by competitors to solicit Synopsys customers and develop competing features. |
| | | Amin Declaration in Support of Dynetix's Third Motion to Compel | The request to seal portions of the declaration is GRANTED. It describes license keys and executables in great detail and associated scripts, which are highly confidential. |
| | | Dynetix's Third Motion to Compel | For the reasons stated above, the request to seal portions of Dynetix's third motion to compel referencing the above exhibits is GRANTED. |
| | 267 | Exhibit J to Yu Declaration in Support of Synopsys' Opposition to Dynetix's Administrative Motion | Synopsys' request to seal the Intel corporate deposition is GRANTED. Synopsys has demonstrated that the information is confidential and could be used to undermine Synopsys' relationship with Intel. |

4

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

| | | |
|---|---|---|
| | to Extend Fact Discovery Cutoff | |
| 272 | Exhibits C and I to Yu Declaration in Support of Synopsys' Opposition to Dynetix's Motion for Leave to Supplement Infringement Contentions, for Reconsideration of a Prior Ruling, and for Modification of the Protective Order | Synopsys' request to seal exhibit C is GRANTED. The exhibit contains proprietary source code for Partition Compile, which is presumed to be sealable.<br><br>Synopsys' request to seal Exhibit I is GRANTED. Most of the deposition concerns confidential product information and Synopsys' relationship with Intel. |
| 276 | Dynetix's Reply and Li Declaration in Support of its Motion for Leave to Supplement its Infringement Contentions, For Reconsideration of a Prior Ruling, and for Modification of the Protective Order | Dynetix's request on behalf of Synopsys is GRANTED. The redacted portions reference documents that have been sealed previously by the court. |
| 280 | Exhibits D and J to Yu Declaration in Support of Synopsys' Opposition to Dynetix's Third Motion to Compel | Synopsys' request to seal Exhibit D is GRANTED. It contains customer information Synopsys is bound to keep confidential.<br><br>Synopsys' request to seal Exhibit J is GRANTED. This information could be used to the detriment of Synopsys' relationship with its customers. |
| 291 | Exhibit G of Yu Declaration in Support of Synopsys' Motion for Protective Order | Synopsys' request to seal Exhibit G is GRANTED. The exhibit contains detailed and confidential financial information that could be used against Synopsys. |
| | Exhibit F of Yu Declaration in Support of Synopsys' Motion for Protective Order | Synopsys' request to seal Exhibit F is GRANTED. It contains a customer list, disclosure of which may be prejudicial to Synopsys' ability to compete in the marketplace. |
| 295 | Nonparty Intel's Opposition to Dynetix's Third Motion to Compel | The motion to seal is GRANTED because the request is narrowly tailored to protect confidential information that could be used to solicit Synopsys' customers. |
| | Marks and Maidment Declarations in Support of Intel's Opposition | The motion to seal is GRANTED under the same reasoning as above. |
| 307 | Dynetix's Reply in Support of its Third Motion to Compel | Dynetix's request on behalf of Synopsys is DENIED. Synopsys did not file a declaration supporting the motion to seal within 7 days pursuant to Civ. L.R. 79-5. |
| 309 | Dynetix's Opposition to Synopsys' Motion for Protective Order | Dynetix's request on behalf of Synopsys is GRANTED. The redacted portions reference documents sealed below. |
| | Exhibits 1-2, 7 | The request to seal these exhibits is GRANTED. The exhibits include internal emails that discuss confidential design, function, and performance of the VCS product, which could be used by competitors. |

5

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL

| | | |
|---|---|---|
| | Exhibit 3 | The request to seal is GRANTED. The presentation contains information that could be used to solicit Synopsys' customers. |
| | Exhibits 4, 6, 8 | The request to seal is GRANTED. The presentations discuss Synopsys' competitive business strategy, which could harm Synopsys if disclosed. |
| | Exhibit 5 | The request to seal is GRANTED. The exhibit is an internal development page with confidential and proprietary information. |
| | Exhibit 9 | The request to seal is GRANTED. The document is an internal analysis of financial information which is kept confidential. Disclosure of this document could affect pricing in the market. |
| | Exhibit 10 | The request to seal is GRANTED. The personal performance review contains sensitive personal information. |
| | Exhibit 11 | The request to seal is GRANTED. The document describes the development process of a product that if disclosed would harm Synopsys. |
| | Exhibit 12 | The request to seal is GRANTED. The exhibit is a functional specification for a parallel version of VCS, with confidential proprietary information. |
| 313 | Dynetix's Letter Brief | The request to seal portions of the letter brief regarding Synopsys' source code is GRANTED. |
| 321 | Exhibits C and D of Li Declaration in Support of Dynetix's Second Motion to Compel | The request to seal portions of these exhibits is GRANTED. The documents contain methods that Synopsys use to develop certain product features, which could aid competitors to avoid certain pitfalls and develop competing products more quickly than they otherwise would have. |
| | Dynetix's Second Motion to Compel | The request to seal narrowly-tailored portions of the motion is GRANTED. The documents contain information that could help competitors develop competing products. |
| | Exhibit W of Yu Declaration in Support of Synopsys' Opposition of Dynetix's Second Motion to Compel | The motion to seal Exhibit W is GRANTED. The technical manual is only distributed to customers pursuant to confidentiality provisions, and public disclosure of this information could be used by competitors to develop similar features. |
| | Dynetix's Reply in Support of Second Motion to Compel | The motion to seal portions of Dynetix's reply is GRANTED. The request is narrowly-tailored to include only sealable information. |

The court orders the parties to file documents that comply with the court's determinations above within seven days. Chambers copies do not need to be filed.

**IT IS SO ORDERED.**

Dated: May 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: C 11-CV-05973 PSG
ORDER GRANTING-IN-PART MOTIONS TO SEAL