UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYNETIX DESIGN SOLUTIONS INC., a California corporation,<br><br>             Plaintiff,<br>    v.<br><br>SYNOPSYS INC., a Delaware corporation,<br><br>             Defendant. | Case No.: CV 11-05973 PSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PATENT PROSECUTION DOCUMENTS**<br><br>**(Re: Docket No. 399)** |

At issue in this patent infringement suit are various documents regarding the prosecution of United States Patent No. 6,466,898 ("the '898 Patent"). The documents are identified on the privilege log of Plaintiff Dynetix Design Solutions Inc. ("Dynetix"). Put bluntly, Dynetix has them, and Defendant Synopsys Inc. ("Synopsys") wants them.

After multiple hearings and various rounds of briefing, the dispute is down to two specific documents. They are: a fax from Terence Chan, the named inventor of the '898 Patent, to Dr. C.P. Chang, and a document from Mr. Chan commenting about prior art references.[1] According to Synopsys, Dynetix has not carried its burden of establishing that either the attorney-client privilege

---
[1] *See* Docket No. 370-2 ¶ 4, Ref. Nos. 34, 45.

1
Case No.: C 11-05973 PSG
ORDER DENYING DEFENDANT'S MOTION TO COMPEL PATENT PROSECUTION DOCUMENTS

or the attorney work product doctrine protect discovery of the documents. Regarding work product protection, Synopsys says that Dynetix sets forth no evidence that the '898 Patent prosecution documents were created with an eye towards litigation, choosing instead to rely on the legally incorrect argument that all patent prosecution documents are necessarily made in anticipation of litigation. As for the attorney-client privilege, Synopsys says that Dynetix waived the privilege by voluntarily producing two other draft patent applications.

The court quickly dispenses with Dynetix's claim of work product. This court has previously held that the work product protection does not apply in ex parte proceedings before the Patent Office where the primary concern is with claims raised in the prosecution process.[2] Because Dynetix offers no evidence showing that the disputed documents were created in anticipation of litigation, Dynetix cannot rely upon the attorney work product doctrine as a basis to withhold those documents.

Turning to the issue of attorney-client privilege, Dynetix contends that the draft applications it produced were not privileged because they are close to the final, public version of the application and thus contain no confidential information. "The applicability of attorney-client privilege in a case such as this, in which subject matter jurisdiction extends from the underlying

---

[2] *See Conner Peripherals, Inc. v. Western Digital Corp.*, Case No. C93-20117 RMW/EAI, 1993 WL 726815, at *4 (N.D. Cal. June 18, 1993) ("the work product immunity does not apply if the primary concern is with claims raised in the ex parte patent application prosecution") (citation omitted); *TeKnowledge Corp. v. Akamai Techs., Inc.,* Case No. C 02-5741 S1, 2004 WL 2480705, at *2 (N.D. Cal. Aug. 10, 2004) ("the work product doctrine does not apply to an attorney's activities in preparing and prosecuting a patent application, but only to activities performed in anticipation of litigation") (citing *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 184 (D.N.J. 2003)).

2

Case No.: C 11-05973 PSG
ORDER DENYING DEFENDANT'S MOTION TO COMPEL PATENT PROSECUTION DOCUMENTS

presence of a federal patent law question, is determined by federal common law."[3] Applying this common law, this court has previously rejected Dynetix's argument.[4]

Alternatively, Dynetix claims not to rely on anything in the draft applications, undermining any prejudice to Synopsys from seeing less than the complete set of its documents regarding the '898 Patent prosecution. As Dynetix's production of the drafts took place in this litigation, the operative rule here is supplied by Fed. R. Evid. 502. Rule 502 provides that:

> When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.

The present dispute focuses on the third factor: fairness. Synopsys cries selective waiver, contending that it should not be limited to the communications that Dynetix chose to produce. Dynetix responds that it disavowal of any reliance on the draft applications effectively avoids any unfairness to Synopys at all, ending the inquiry.

Before turning to the issue of fairness, the court must first observe that the Advisory Committee's Note to Rule 502(a) draws a parallel between "intentional" waiver and "voluntary disclosure" that constitutes a waiver, such that Dynetix may not take refuge in the fact that it never intended to waive the protection by its production of the drafts. The result is that if Dynetix meant to disclose the drafts, even if it did not then intend to waive the privilege or protection, the disclosure meets the "waiver is intentional" requirement of Rule 502(a).

---

[3] *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1368 (Fed. Cir. 2012).

[4] *See Phoenix Solutions v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 577 (N.D. Cal. 2008) ("[t]he court knows of no authority supporting [plaintiff's] proposition made during the September 11 telephonic conference that drafts of patent applications become part of the public record when a patent application is filed.").

3
Case No.: C 11-05973 PSG
ORDER DENYING DEFENDANT'S MOTION TO COMPEL PATENT PROSECUTION DOCUMENTS

As to the fairness of allowing Synopsys access to the disputed materials so that they can be considered in fairness together with the drafts, Dynetix in the end has the better of the argument. Whatever its motivations in producing the drafts (the court itself finds no evidence of sharp practice or attempted undue advantage), Dynetix has now made it clear that it will not rely on the drafts in any way, shape or form. In light of this broad disavowal, the court cannot say that Synopsys still requires access to documents that remain outside its gaze.[5] To the extent Synopsys fears others, it and Dynetix both should understand that the court will not tolerate any effort by Dynetix to renege on its pledge.

Synopys's motion to compel is DENIED.

**IT IS SO ORDERED.**

Dated: July 11, 2013

                                                               PAUL S. GREWAL
                                                               United States Magistrate Judge

---

[5] *Cf. Wi-LAN, Inc.*, 684 F.3d at 1371 (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)) (holding that in fairness, a party may not use the privilege as "both as a sword and a shield").

4

Case No.: C 11-05973 PSG
ORDER DENYING DEFENDANT'S MOTION TO COMPEL PATENT PROSECUTION DOCUMENTS